# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **PHILLIP (BABY SHARK) SCOTT,** | § | |
| **SID #645991,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **SA-23-CV-00658-XR** |
| **v.** | § | |
| | § | |
| **ANDREW LEONIE, Comal County** | § | |
| **Magistrate Judge; MARK LANE, Chief of** | § | |
| **New Braunfels Police Department;** | § | |
| **F/N/U HAWK, New Braunfels Police** | § | |
| **Officer; UNKNOWN DEFENDANTS,** | § | |
| **New Braunfels Police Officers,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER OF PARTIAL DISMISSAL

Before the Court is *pro se* Plaintiff Phillip (Baby Shark) Scott's ("Scott") 42 U.S.C. § 1983 Amended Civil Rights Complaint. (ECF No. 9). The Court granted Scott's Application to Proceed *In Forma Pauperis* ("IFP"). (ECF Nos. 4, 5). Upon review, the Court orders Scott's claims against Defendants Comal County Magistrate Judge Andrew Leonie ("the Magistrate") and New Braunfels Police Department Chief Mark Lane ("the Chief") **DISMISSED WITH PREJUDICE**, respectively, based on judicial immunity and for failure to state a claim upon which relief may be granted. (ECF No. 9); *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii, iii), 1915A(b).

### BACKGROUND

According to jail records, Scott is currently confined in the Comal County Jail based on his May 1, 2023 arrests for theft, walking on a roadway where a sidewalk is available, possession of a controlled substance, and possession of a prohibited substance or item in a correctional facility. *See* [public.co.comal.tx.us/JailingDetail.aspx?JailingID=294872](public.co.comal.tx.us/JailingDetail.aspx?JailingID=294872) (last visited Aug. 29, 2023).

While confined for these offenses, Scott filed suit against the Municipal Courts of Comal County ("the Courts") and the Magistrate. (ECF No. 1). In response to this Court's Show Cause Order, Scott filed an Amended Complaint in which he omitted the Courts as a defendant and added the Chief, New Braunfels Police Department ("NBPD") Officer F/N/U Hawk, and unidentified officers from the NBPD. (ECF No. 9). This Order concerns Scott's claims against the Magistrate and the Chief.

As to the Magistrate, Scott contends he improperly granted a warrant for Scott's arrest, thereby "weaponizing" the warrant and failing to protect his constitutional rights.[1] (ECF No. 9). He also challenges the Magistrate's alleged practice of "imposing bail on persons arrested for nonjailable offenses." (*Id.*). According to Scott, these acts violated his constitutional rights, though he fails to explain what rights have been violated. Regarding the Chief, Scott states nothing more than "failure to train." (*Id.*). As relief, seeks an injunction to preclude any magistrate, county, or district judge from issuing warrants without probable cause. (*Id.*). He also seeks monetary damages from the Chief. (*Id.*).

## STANDARD OF REVIEW

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a

---

[1] To the extent Scott is attempting to bring this claim on behalf of others who were allegedly arrested based on warrants in the absence of probable cause, Scott lack standing. *See Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2011) (holding prisoner cannot necessarily bring § 1983 claims on behalf of other prisoners); *Cramer v. Skinner*, 931 F.2d 1020, 1024 (5th Cir. 1991) (recognizing that for plaintiff to have Article III standing, he must have personally suffered some actual or threatened injury as a result of defendant's conduct); *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986) (same).

claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**ANALYSIS**

### A.  *The Magistrate*

To the extent a plaintiff seeks monetary damages or other retrospective relief, judges, including magistrate judges, generally have absolute immunity from suit. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 222 (5th Cir. 2009); *Spencer v. Tex.*, No. SA-19-CV-01135-XR, 2020 WL 759428, at *4 (W.D. Tex. Feb. 13, 2020). In *Forrester v. White*, the Supreme Court described the purposes served by judicial immunity:

> [T]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have .... If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.

484 U.S. 219, 226–27.

However, absolute judicial immunity does not apply in certain limited circumstances. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. First, judges are not immune from liability for non–judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. Second, judges are not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. Finally, judges are not immune when the plaintiff seeks prospective relief for an allegedly ongoing violation of federal law. *See Ex parte Young*, 209 U.S. 123, 155–56 (1908). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Mireles*, 502 U.S. at 11.

Scott alleges the Magistrate signed off on a warrant for his arrest, seemingly without probable cause, thereby failing to protect his constitutional rights. (ECF No. 9). He further claims

4

the Magistrate engages in the practice of "imposing bail on persons arrested for nonjailable offenses." (*Id.*).

When a magistrate judge is determining the existence of probable cause he reviews the facts available to him to determine whether a person of reasonable caution would be warranted in the belief that the suspect committed the crime for which arrest is sought. *See Poullard v. Jones*, 596 F. Supp.3d 729, 737 (N.D. Tex. 2022) (citing *Fla. v. Harris*, 568 U.S. 237, 244 (2013)). This is a distinctly judicial function. Thus, the "non–judicial" exception to immunity is inapplicable. *See Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221.

Moreover, the other two exceptions to judicial immunity are equally inapplicable here. First, Scott does not allege, and there is nothing to suggest, the Magistrate's probable cause determination was taken in complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11–12; *Davis*, 565 F.3d at 221. Second, as Scott's request for injunctive relief, the Court finds it does not preclude immunity for the Magistrate. *See Ex parte Young*, 209 U.S. at 155–56.

As noted above, under *Ex parte Young* judges are not immune when a plaintiff seeks prospective relief for an allegedly ongoing violation of federal law. 209 U.S. at 155–56. However, a plaintiff may lack standing to seek prospective relief even though they have standing to sue for damages. *Serafine v. Crump*, 800 F. App'x 234, 236 (5th Cir. 2020) (citing *Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992) (en banc)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief … if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Thus, "[t]o obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). The Fifth Circuit has addressed standing in the

context of an action seeking prospective relief against a state–court judge on three occasions. *See id.* at 354; *Herman*, 959 F.2d at 1284; *Adams v. McIlhany*, 764 F.2d 294, 295 (5th Cir. 1985). Collectively, these decisions, which all involved suits brought pursuant to § 1983, establish that a plaintiff suing a state–court judge and seeking prospective declaratory or injunctive relief must show a significant likelihood he will encounter the same judge in the future, under similar circumstances, with a likelihood the same complained–of harm will recur. *Serafine*, 800 F. App'x at 237. Put simply, to have standing to seek prospective declaratory or injunctive relief against a state–court judge, a plaintiff must show a substantial likelihood he will encounter the same judge, in sufficiently similar circumstances, and with sufficiently similar results to establish an immediate, as opposed to speculative, threat of repeated injury. *Id.* at 238 (citing *Bauer*, 341 F.3d at 358; *Herman*, 959 F.2d at 1286–86; *Adams*, 764 F.2d at 299).

Here, Scott contends the Magistrate violated his Fourth Amendment rights by rendering a warrant unsupported by probable cause and improperly setting bail. (ECF No. 9). The Court finds these allegations do not establish standing for purposes of prospective injunctive relief. Scott has not alleged he will encounter the Magistrate—or county or district judges from Comal County—in the future under similar circumstances with similar results, i.e., that he will be arrested on a warrant unsupported by probable cause rendered by a Comal County judge. *See Serafine*, 800 F. App'x at 237–38. Moreover, to the extent Scott attempts to make this claim on behalf of other arrestees, he lacks standing to do so. *See Gregory*, 430 F. App'x at 310; *Cramer*, 931 F.2d at 1024. In sum, the Court finds the "prospective relief" exception of *Ex parte Young* does not deprive the Magistrate of immunity in this matter based on Scott's claim for injunctive relief.

Accordingly, the Court finds the Magistrate is entitled to a dismissal of Scott's claims against him based on absolute judicial immunity. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

### B.  The Chief

Scott makes but one allegation against the Chief and it consists of a single statement, which appears under the section of his Amended Complaint entitled "XII. REQUEST FOR RELIEF":

Plaintiff seeks Relief from Chief Mark lane For Failure-to-train in monetary damages of $10,000,000

(ECF No. 9). Scott makes no other mention of the Chief or the "failure to train" allegation in his Amended Complaint. (*Id.*).

To the extent Scott alleges a failure–to–train claim against the Chief in his official capacity, he has failed to state a viable claim. Supervisory officials like the Chief cannot be held liable under § 1983 for the actions of subordinates based on any theory of vicarious or respondeat superior liability. *Est. of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). A supervisory may be held liable under § 1983 for failure to train or supervise subordinates only if: "(1) the supervisor failed to train or supervise; (2) a causal link exists between the failure and violation of plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Brown v. Callahan*, 623 F.3d 249, 254 n.1 (5th Cir. 2010). "Deliberate indifference is 'a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Id.* at 255 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)). This "normally requires a plaintiff to show a pattern of violations and that the inadequate training or supervision is 'obvious and obviously likely to result in a constitutional violation.'" *Id.* (quoting *Est. of Davis*, 406 F.3d at 381–82).

Thus, as pled, Scott has failed to state a viable failure–to–supervise claim against the Chief. Scott conclusorily states he is entitled to monetary relief from the Chief "for failure to train." (ECF No. 9). He alleges no causal link and no facts establishing deliberate indifference by the Chief, i.e., a pattern of violations and that the alleged inadequate training obvious and likely to result in a constitutional violation. Therefore, the Court finds Scott's claim against the Chief in his official capacity fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

To the extent Scott alleges a failure–to–train claim against the Chief in his individual capacity, he has failed to allege any personal involvement by the Chief. (ECF No. 9). To state a § 1983 claim against a defendant, a plaintiff must allege the defendant was personally involved in the actions complained of or is responsible for the policy or custom giving rise to the alleged constitutional deprivation. *See Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (holding that under § 1983, officials are not vicariously liable for conduct of those under their supervision, they are accountable for their own acts and for implementing unconstitutional policies that result in constitutional deprivations); *Jones v. Lowndes Cnty.*, *Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'").

Scott has not alleged the Chief was personally involved in any alleged constitutional violation or that he was responsible for a policy or custom that gave rise to any alleged constitutional deprivation. (ECF No. 9). In the absence of allegations that a defendant was personally involved in the alleged constitutional violation or responsible for a policy or custom that gave rise to such constitutional deprivation, a plaintiff fails to state a claim upon which relief

8

may be granted against that defendant. *See Alderson*, 848 F.3d at 420; 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Thus, Scott's claim against the Chief in his individual capacity is also subject to dismissal.[2]

### CONCLUSION

The Court finds Scott's claims against the Magistrate are barred by absolute judicial immunity. None of the exceptions to judicial immunity are applicable here. The Court further finds Scott's claims against the Chief are subject to dismissal for failure to state a claim upon which relief may be granted. Scott has asserted nothing more than the prohibited label and conclusion as to his failure–to–train claim, which is insufficient.

**IT IS THEREFORE ORDERED** that Scott's 42 U.S.C. § 1983 claims against the Magistrate and the Chief (ECF No. 9) are **DISMISSED WITH PREJUDICE** based, respectively, on absolute judicial immunity and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii, ii), 1915A(b).

Scott's claims against Defendants NBPD Officer F/N/U Hawk and unidentified officers from the NBPD remain pending. The Court will address the remaining claims by separate order as appropriate.

---

[2] The Court recognizes the claim against the Chief was added in the Amended Complaint and therefore, was not subject to the Court's Show Cause Order. However, in the Show Cause Order, Scott was specifically advised that to state any viable claim, he was required to present sufficient facts to state a claim that is plausible on its face and that labels and conclusions were insufficient. (ECF No. 6) (citing *Twombly*, 550 U.S. at 555–56; FED. R. CIV. P. 8(a)). He was advised that conclusory allegations without factual underpinnings, i.e., claims consisting of nothing more than the prohibited labels and conclusions, would subject such claims to dismissal for failure to state a claim upon which relief may be granted. (*Id.*) (citing *Iqbal*, 556 U.S. at 678). Thus, the Court finds it unnecessary to allow Scott to replead his claim against the Chief. Scott was aware, based on the Court's Show Cause Order, of the requirements needed to state a viable § 1983 claim against any defendant.

It is so **ORDERED**.

**SIGNED** this 30th day of August, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE