UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **PHILLIP (BABY SHARK) SCOTT,** §<br>**SID #645991,** §<br>   §<br>   **Plaintiff,** §<br>   §<br>**v.** §<br>   §<br>**ANDREW LEONIE, Comal County** §<br>**Magistrate Judge; MARK LANE, Chief of** §<br>**New Braunfels Police Department;** §<br>**F/N/U HAWK, New Braunfels Police** §<br>**Officer; UNKNOWN DEFENDANTS,** §<br>**New Braunfels Police Officers,** §<br>   §<br>   **Defendants.** § | SA-23-CV-00658-XR |

## STAY ORDER

Before the Court is *pro se* Plaintiff Phillip (Baby Shark) Scott's ("Scott") 42 U.S.C. § 1983 Amended Civil Rights Complaint. (ECF No. 9). Because Scott's claims against Defendants New Braunfels Police Department ("NBPD") Officer F/N/U Hawk and unidentified officers from the NBPD appear to be inconsistent with the pending criminal charges against him and appear to impugn the legality of the pending criminal proceedings, it would be futile to proceed at this time with the § 1983 action.[1] Accordingly, the Court orders Scott's § 1983 case **STAYED** pending resolution of his pending criminal proceeding.

### BACKGROUND

Scott is currently confined in the Comal County Jail based on his May 1, 2023 arrests for theft, walking on a roadway where a sidewalk is available, possession of a controlled substance,

---

[1] Scott also brought § 1983 claims against Defendants Comal County Magistrate Judge Andrew Leonie and NBPD Chief Mark Lane. However, by Order of Partial Dismissal, those claims were dismissed. Thus, the only remaining claims in this matter are those against Officer Hawk and the other NBPD officers.

and possession of a prohibited substance or item in a correctional facility. *See* public.co.comal.tx.us/JailingDetail.aspx?JailingID=294872 (last visited Aug. 30, 2023). Those charges are still pending. *Id.* While confined for these offenses, Scott filed this § 1983 action. As to NBPD Officer Hawk and the other unidentified NBPD officers, who are the only remaining Defendants in this matter, *see* n. 1, Scott alleges he was unlawfully arrested in violation of his Fourth Amendment rights. (ECF No. 9).

## APPLICABLE LAW

In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court held a § 1983 claim that necessarily implies the invalidity of a plaintiff's conviction or imprisonment does not accrue—is barred—until the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." However, the *Heck* bar does not apply to a § 1983 claim that would impugn *pending* criminal proceedings, and therefore, a stay of the § 1983 claim pending resolution of the criminal case is appropriate in such situations. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). As the Court explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* (citations omitted).

APPLICATION

Scott's Fourth Amendment claim appears inconsistent with the criminal charges pending against him, impugning the legality of the criminal proceedings and his incarceration. (ECF No. 9). Because Scott's civil rights claim is interrelated with the pending criminal proceedings the Court finds it would be futile to proceed with his civil rights case until the criminal proceedings are resolved. The Court recognizes Scott's admission that the NBPD officers had a warrant signed by a magistrate judge, implicating the independent intermediary doctrine that would break the causation chain as to Scott's unlawful arrest claim and subject it to dismissal. (ECF No. 9); *see McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017). However, Scott contends the warrant was obtained in violation of *Malley v. Briggs*, 475 U.S. 335 (1986) and *Franks v. Delaware*, 438 U.S. 154 (1978). (*Id.*). *Malley* and *Franks* are "functional exceptions to the independent intermediary doctrine." *Wilson v. Stroman*, 33 F.4th 202, 208 (5th Cir. 2022) (citations omitted). Thus, based on the entirety of the Amended Complaint, the Court finds a stay pursuant to *Heck v. Humphrey* is warranted.

**IT IS THEREFORE ORDERED** that Scott's 42 U.S.C. § 1983 case is **STAYED** pending resolution of his State criminal proceedings.

**IT IS FINALLY ORDERED** that Scott shall file an advisory with the Court stating the status of his pending criminal cases sixty (60) days from the date of this Order and file subsequent advisories every (60) days thereafter. Additionally, Scott shall file an advisory with the Court informing the Court of any disposition of his criminal proceedings, i.e., dismissal, acquittal, conviction, within ten (10) days after any such disposition. If Scott fails to file an advisory, i.e.,

status report, as mandated by this Order, the Court will dismiss the remaining claims in his suit with prejudice for failure to comply with this Court's Order. *See* FED. R. CIV. P. 41(b).

At any time, Scott may voluntarily dismiss this case by filing a motion to dismiss. *See id.* R. 41(a).

The Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this case during the pendency of the stay.

It is so **ORDERED**.

**SIGNED** this 31st day of August, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE